Mr. President Shlppen
delivered an opinion upon the second point made m the case, which has never been published, and may be acceptable to the profession. It is therefore subjoined :
Shippen, President. — There is one matter which I beg leave to mention, in addition to what the president has advanced, as it is an argument founded on the proceedings of the court of admiralty, with which I formerly had occasion to be a little acquainted, and as, in my opinion, it has considerable weight in the determination of tills question.
It has been frequently mentioned, that the court of admiralty below has two different and distinct jurisdictions, one as an ordinary court of admiralty, called the instance court, the other as a prize court. “ The manner of proceeding in the two courts,” as Lord Mansfield says, “is totally different.”
It is material, therefore, to consider on which side of this court, or rather in which court, this suit has been originally instituted: because it appears to me, that the meaning of the confederation and acts of assembly, constituting the courts of appeal, was, that the appeals from the prize court should be to the congress court, those from the instance court, to this court.
On this state of the matter, two questions seem to arise : 1st, Could this suit bo instituted in the prize court ? 2d, Has it been instituted there ?
To the first question, his excellency has spoken so fully, that I shall add nothing to it. But to the second question I have a few words to offer, viz —Supposing this cause could have been instituted there, has it been done ?
Here it will bo necessary to examine the usual course of proceedings in the two courts. In the instance court, we have considerable lights in a book known to every lawyer, called Gierke’s Praxis Curias Admiralitatis ; the proceedings stated in that book do all relate to the ordinary jurisdiction of the admiralty, and there is no prize case mentioned in it. It appears there, that *111 the first process is against the person of the defendant, to compel an appearance, in a cause civil and maritime, in the same way that a common-law process issues. But if the person cannot be arrested, then follows another mode of proceeding, against the property of the defendant, his ship or goods, which, when attached by the marshal, are to remain in the power of the court, to answer the judgment of the court. This proceeding against the effects, however, is justified only where the defendant is out of the kingdom, or so absconds that he cannot be arrested — except in such cases where the ship itself is made answerable by law.
What is the precedent in the prize court ? Lord Mansfield says “ it is peculiar to itself, and no more like that of the instance court of admiralty than it is to any court in Westminster Hall.” It will be found invariably to be a proceeding in rem, against the captured ship and goods.
“ The end of the prize court (says he) is to suspend the property till condemnation, to punish every sort of misbehavior in the captors ; to restore instantly, velis levatis, if, upon the most summary examination, there does not appear a sufficient ground ; to condemn finally, if the goods are really prize, against everybody, giving every person a fair opportunity of being heard.” All this speaks the language of a proceeding solely in rem. And it will be found, that there is' no instance of a suit being commenced in the prize court, but what had the condemnation or acquittal of the ship as its object, or was a suit, by way of supplemental libel, founded upon the previous proceeding had against the captured ship or goods, as prize.
Look at the case of the King v. Broom, and that of the King’s Proctor v. Brown and Burton. In both cases, the suits were to oblige the defendants to account for the value of the ship and goods taken as prize. How was the proceeding in the prize court ? first, to exhibit libels against the vessel and goods captured, and condemn them as lawful prize to the king, then to file supplemental libels against the defendants, to bring them to account for the value. In both eases, the vessel and goods themselves were out of the power of the court who condemned, one having been sold in Barbadoes, and the money converted to the defendant’s use, in the other, the ship was stranded in the East Indies. Yet, to give the prize court jurisdiction, so as to enable them to enforce their decrees against the defendants, it appeared necessary to proceed in the first instance to condemn as prize.
Look at all the cases cited in Douglas, in the cause of Le Caux v. Eden, it will be found that in every one of them (except one, which was a case of piracy and not prize), proceedings had been previously had against the captured vessels, which gave the prize court full • and exclusive jurisdiction, as to all the consequences.
In what manner was the present suit commenced and carried on in the court of admiralty ? Not by libelling the brig Betsey as prize, and then calling the defendants to account for wresting her out of the hands of the captors, which would have been the mode of proceeding in the prize court, but by issuing process against the defendants and two of their vessels, in the usual and ordinary mode of proceeding in the instance court of admiralty. It is not material to the present purpose, to consider whether the former mode was practicable or convenient; suffice it to say, it has not been adopted, and therefore, the suit was not instituted in the prize court.
It must be acknowledged, that this cause carries strong marks of being a *112 prize cause. But it should be observed, that in the case cited by the counsel, the prize court of admiralty had possession of the original cause, and were competent to give redress as to all the consequences. But if we will suppose a case, where the prize court cannot, consistently with its institution or forms, take possession of a cause, and it is brought in the ordinary court of admiralty or in a common-law court, if they cannot decide upon it, because a matter of prize arises incidentally in it, there may be a manifest defect of justice, and perhaps in the present case, Captain Talbot would have no redress for the injury he has sustained.